IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY LEE FERGUSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-874-P (J) |
| ) | |
| **MARTIN BROWER, L.L.C.** and ) | |
| **LIBERTY MUTUAL INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER and OPINION

Before the Court is Defendants' Motion to Reconsider its Motion in Limine and Plaintiff's Response thereto. Upon consideration of these briefs, and for the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

### Background

This case arises from a low-speed accident which allegedly occurred on October 8, 2002 in Claremore, Oklahoma between Plaintiff Jerry Ferguson and Defendant Martin Brower's driver, Charles Alexander. Plaintiff claims that he was injured when the tractor-trailer driven by Alexander rolled back at a stop-light and struck his Chevrolet Blazer. The issues for trial include (1) whether the collision occurred, (2) whether such collision resulted from Alexander's negligence, (3) the nature and extent of Plaintiff's injuries and treatment, including future treatment, and (4) whether Plaintiff's injuries resulted from the collision. Defendants argue that certain information would be irrelevant to the resolution of these claims and seek to exclude same. Specifically, Defendants move this Court for an order in limine barring Plaintiff from introducing the following matters:

1

    1.      Alexander's physical disability and subsequent health problems;

    2.      Alexander's prior accidents;

    3.      Martin Brower's investigation into this accident and any conclusion relating to the "preventability" of this accident; and

    4.      Fault determinations by the investigating officer on the scene of the accident.

The Court previously found that any of the above information could be relevant to the resolution of these claims and would be more probative than prejudicial, which finding Defendants now urge the Court to reconsider.

## **Discussion**

Motions for reconsideration are not among the motions recognized by the Federal Rules of Civil Procedure. Although an interlocutory order may be reviewed any time before a final judgment or order is entered, "[s]uch relief is extraordinary and may only be granted in exceptional circumstances" under a limited number of circumstances under Fed. R. Civ. Pro. 60(b). Searles v. Dechant, 393 F.3d 1126, 1131 (10th Cir. 2004) (quoting LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003)) (internal quotations omitted). Reconsideration may be appropriate when (1) there has been an intervening change in the controlling law, (2) there has been new evidence that was previously unavailable brought to the Court's attention, or (3) there is a need to correct clear error or prevent injustice. See Servants of the Paraclete v. Does, I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000). Such motion may not be used, however, simply to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

### I.  Alexander's physical disability and subsequent health problems.

Since the accident at issue in this case, Alexander has become physically disabled and no longer works.  There is some issue as to whether Alexander's condition on the day of the accident caused or contributed to the accident.  To the extent that information about Alexander's health is limited to this inquiry, the Court finds that it is relevant, and more probative than prejudicial.  The Court will therefore address objections on this issue as they arise during trial.

### II.  Alexander's prior accidents.

Plaintiff has withdrawn its claim against Martin Brower for negligent hiring and retention.  Therefore, Alexander's prior driving history, in its entirety, is no longer relevant to this case.  In particular, the Court finds that information regarding accidents in which Alexander was involved on his own time (*i.e.*, not in the course of his employment), and Alexander's accident with a drunk driver, is irrelevant and unduly prejudicial.  Under Oklahoma law, evidence of other accidents is generally not admissible to show negligence.  *See, e.g.*, Deatherage v. Dyer, 530 P.2d 150 (Okla. 1974).  However, to the extent to which evidence of accidents in which Alexander was driving a tractor-trailer in the course of his employment could be otherwise relevant to this lawsuit, the Court will address such objections as they arise during trial.

### III.  Martin Brower's investigation.

Defendants admit that Martin Brower investigates any accidents involving its vehicles to determine if they were preventable.  Such information is clearly relevant to the claims at issue here. To the extent that these investigations are conducted and recorded as part of Martin Brower's regular business practice, information contained therein is also admissible.  Defendants

argue that jurors would not understand the difference between "preventability" and "liability" and thus, that such information would be more prejudicial than probative. The Court disagrees and finds that any misapprehension or prejudice can be adequately addressed on cross-examination and/or in the jury instructions.

### IV.  Fault determinations by the investigating officer.

The investigating officer's factual findings are clearly relevant and admissible to the extent that they help the jury understand the evidence or determine a fact in issue. *See* Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 161-62 (1988) ( finding that police report containing officer's factual findings is admissible as an exception to the hearsay rule under Fed. R. Evid. 803(8)(C)); Baker v. Elcona Homes Corp., 588 F.2d 551, 557-58 (6th Cir. 1978), *cert denied,* 441 U.S. 933 (1979) (holding in an automobile accident case that "factual findings admissible under Rule 803(8)(C) may be those which are made by the preparer of the report from disputed evidence"). Defendants argue that such information would not be helpful here, because operation of a motor vehicle is not beyond the comprehension of the average juror. The Court does not disagree that most jurors are familiar with the operation of a motor vehicle. However, the very fact of the accident is itself in dispute in this case. In such circumstances, the Court finds that the opinions of the investigating officer could be helpful. Although the officer should not reach the ultimate issue of which party is legally at fault, the Court will address any other objections to his testimony and/or report as they arise during trial.

### Conclusion

For the foregoing reasons, Defendants' Motion for Reconsideration is GRANTED IN PART. Specifically, evidence of Alexander's personal driving record (*i.e.*, any accidents

occurring on his own time, outside the scope of his employment) and his accident with a drunk driver shall be excluded.  Evidence as to Alexander's physical condition and work-related accidents, Martin Brower's internal investigation, and the investigating officer's determinations shall be admissible to the extent set forth herein.  Accordingly, Defendants' Motion is therefore DENIED IN PART.

In keeping with these findings, parties are directed to avoid any evidence, arguments, comments, and questions designed to elicit information concerning information deemed inadmissible herein, and should so instruct their witnesses.  All exhibits should be edited accordingly, consistent with this Order.

James H. Payne
United States District Judge
Northern District of Oklahoma